

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FILED

SEP 16 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 98-38409-C-7 |
| TIMOTHY ROBERT TAYLOR, | Adversary No. 11-2356 |
| Debtor(s). | DC No. USA-1 |
| TIMOTHY ROBERT TAYLOR, | |
| Plaintiff(s), | |
| v. | |
| U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, OFFICE OF THE INSPECTOR GENERAL, U.S. DEPARTMENT OF EDUCATION, U.S. DEPARTMENT OF JUSTICE, | |
| Defendant(s). | |

**MEMORANDUM DECISION**

The debtor Timothy Robert Taylor filed this adversary proceeding in which he seeks to have the U.S. Department of Health and Human Services, the Office of the Inspector General, the U.S. Department of Education, and the U.S. Department of Justice held to be in violation of a discharge entered by this court on March 19, 1999, in his chapter 7 bankruptcy case No. 98-38409-A-7.  The United States has moved to dismiss.

This court has construed the action to be in the nature of seeking a determination whether student loan debts exceeding $435,000 are excepted from discharge by virtue of 11 U.S.C. § 523(a)(8).

The reason the debtor contends this should be a contempt action is his belief that the aforesaid student loan debts were discharged in 1999 and that all collection efforts are a contempt of that order.

The procedural history of that case is as follows. Timothy Taylor, listing himself as a self-employed psychotherapist, is a medical doctor who filed case No. 98-38409-A-7 on November 30, 1998. The debtor represented himself.

A meeting of creditors was set for January 6, 1999. The chapter 7 trustee filed a report on January 6, 1999, at the conclusion of the meeting of creditors, that no assets had been found that could be liquidated for the benefit of the estate and, on the same day, filed a report of no distribution.

On January 7, 1999, there was issued the standard Notice of Filing Report of No Distribution, Combined with Order Fixing Deadline to Object Thereto, in which notice was given to all creditors that the trustee had found that there were no funds available from the estate for distribution to creditors, that the estate had been fully administered and ordered that unless an objection was filed setting a hearing for February 22, 1999, the court would enter an order approving the trustee's report, discharge the trustee, and close the case.

On March 19, 1999, a discharge of the debtor, pursuant to 11 U.S.C. § 727, was entered.

On May 11, 1999, a second report of a finding of no assets based on the January 6, 1999, meeting of creditors was filed by the trustee, together with a report of no distribution. A second Notice of Filing Report of No Distribution, Combined with Order

Fixing Deadline to Object Thereto was issued to all creditors identical in form to the previous notice and requiring objections be filed and a hearing set on June 28, 1999. No objections were filed in response to the second notice.

On August 30, 1999, a Final Decree was entered determining that the case was closed.

The record reflects that there was no adversary proceeding filed in the bankruptcy case.

The debtor's theory that his student loans were discharged in case No. 98-38409-A-7 appears to be premised on an attachment that the debtor included at the back of his petition as part of the petition package. That document, which was not signed and not separately filed and for which there is no proof of service on any creditor, is entitled Declaration of Timothy B. Taylor in Support of Petition for Discharge of Student Loans Under Hardship Code Sec. 523(a)(8)(B). In the declaration, the debtor asserted the reasons why he thought that his student loans should be discharged, notwithstanding § 523(a)(8).

A careful review of the file, which was retrieved from archives, reveals that there is no indication that anybody received any notice regarding this declaration by the debtor. It was not separately docketed and, hence, does not appear on the docket. It was not served on any student loan creditor, and it does not appear that any notice was otherwise given to any creditor of the existence of this document that was appended to the petition. The most that any creditor, including student loan creditors, had by way of notice was the information that they had been scheduled as creditors.

The Illinois Student Assistance Commission filed a proof of claim in the amount of $10,398.21, attaching a letter stating that it regarded its debt nondischargeable "unless the petitioner initiates a proceeding to determine the dischargeability of the scheduled student loan indebtedness."

On January 16, 2007, the debtor filed case No. 07-00044, In re Timothy R. Taylor, in the United States Bankruptcy Court for the District of Hawaii. The student loan creditors were not scheduled. A meeting of creditors was held and the trustee filed a finding of no assets on February 28, 2007. A chapter 7 discharged was entered May 1, 2007, as was a Final Decree in the case.

Collection activities have been pursued by the United States, which triggered the filing of the instant proceeding. The pertinent loan is straight forward. A discharge issued under § 727 has the consequence stated in 11 U.S.C. § 524(a). The discharge operates to eliminate "the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived." There is an inherent ambiguity in this language because it does not say what debts are or are not discharged under § 727, which is the pertinent discharge in this case.

The answer to the question of which debts are discharged is to be found primarily in § 523(a), which provides, in pertinent part:

> A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--

> (8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for--
>
> > (A)(i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or
> >
> > (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or
> >
> > (B) any other educational loan that is a qualified educational loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual.

11 U.S.C. § 523(a).

The rules of procedure require that there be an adversary proceeding to determine the dischargeability of a debt. Fed. R. Bankr. P. 7001(b). No such adversary proceeding was filed in this instance. The decision of the United States Supreme Court in <u>United Student Aid Funds, Inc. V. Espinosa (In re Espinosa)</u>, 130 U.S. 1367 (2010), does not alter the analysis. In that case, a chapter 13 plan purported to provide that a student loan within the scope of § 523(a)(8) would be discharged. The creditor had one ambiguous notice of the plan provision and an opportunity to object to confirmation of the chapter 13 plan. After the chapter 13 plan was confirmed, the chapter 13 trustee wrote to the creditor to note that the proof of claim filed by the creditor was not consistent with the plan, which provided for lower payments and a discharge and that the trustee would pay in accordance with the provisions of the plan unless the creditor objected. Hence, notice to the creditor was unambiguous. The

Supreme Court held that, on these facts, the basic due process requirements of Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950), had been satisfied.

In the present case, the declaration on which the debtor relies is a document that was never separately docketed. It was a document that the debtor did not even sign. Notice of it was given to nobody. This does not satisfy the requirement of Mullane as reiterated by the Supreme Court in the Espinosa case. Moreover, there certainly was no judicial determination made in case No. 98-38409-A-7 that the student loan would be an undue hardship for the debtor to be required to pay student loan debts within the meaning of § 523(a)(8).

Thus, the present action against the United States is based on a faulty premise. The student loan debts were not discharged in case No. 98-38409-A-7.

It is recognized that there is not a statute of limitations that applies to student loan nondischargeability actions and that debtors occasionally file such actions to seek a determination after a chapter 7 case has been closed. The relevant considerations that are taken into account in addressing such matters focus on the time that the action is actually tried and whether, in light of the circumstances then prevailing, repaying the debt would constitute an undue hardship.

This court has located no case where a debtor has been permitted to maintain such an action more than ten years after the bankruptcy case was filed. If such an action were to be filed by the debtor in this case, the facts asserted in the unsigned declaration that was appended to the debtor's petition,

schedules, and statement of financial affairs would be largely irrelevant. Thus, even if this action were construed as an action under § 523(a)(8), it would need to be dismissed.

Accordingly, the motion of the United States will be granted, the motion of the plaintiff will be denied, and the adversary proceeding will be dismissed.

An appropriate order will issue.

Dated: September 15, 2011.

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Timothy R. Taylor
531-A N Hollywood Way #114
Burbank CA 91505

Jeffrey J. Lodge
2500 Tulare St #4401
Fresno CA 93721

Dated: 9/19/11

_____
DEPUTY CLERK